Moss, Judge,
delivered the opinion of the court:
Plaintiff, Auburn Rubber Company, was engaged in the manufacture and sale, among other articles, of a certain device called a blow-out patch, designed and intended for use as a repair to broken or bursted pneumatic tires used on automobiles. Said patches are manufactured from salvaged tires or from new fabric, and are used in emergencies resulting from damage caused by a blow-out, or otherwise. Between the dates August, 1922, and February 27, 1926, plaintiff paid in monthly periods its excise taxes under the provisions of section 900 of the revenue act of 1921, and section 600 of the revenue act of 1924. A claim for the refund of said amount wa^ duly filed and was rejected. This action is for the recovery of same.
Section 900 of the revenue act of 1921, 42 Stat. 227, provides :
“ That from and after January 1, 1922, there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—
“(1) Automobile trucks and automobile wagons (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof) 3 per centum.
* * * * *
“(3) Tires, inner tubes, parts, or accessories for any of the articles enumerated in subdivision (1) or (2) sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 5 per centum.”
*52 Section 600 of tbe revenue act of 1924 provides as follows:
“ On and after the expiration of thirty days after the enactment of this act there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold' or leased.
“ (1) Automobile truck chassis and automobile wagon chassis sold or leased for an amount in excess of $1,000, and automobile truck bodies and automobile wagon bodies sold or leased for an amount in excess of $200 (including in both cases tires, inner tubes, parts, and accessories therefor sold on or in connection therewith or with the sale thereof) , 3 per centum. A sale or lease of an automobile truck or of an automobile wagon shall, for the purpose of this subdivision, be considered to be a sale of the chassis and of the body;
* * * * *
“(3) Tires, innfer tubes, parts, or accessories for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 2½ per centum. This subdivision shall not apply to chassis or bodies for automobiles, trucks, automobile wagons, or other automobiles.”
It is the contention of plaintiff that the blow-out patches manufactured and sold by it were not parts or accessories within the meaning of subdivision 3 of the act of 1921, and of subdivision 3 of the act of 1924, and with this contention the court is in agreement.
A blow-out patch is a medium of repair for worn out or bursted pneumatic tires, and the purpose of the use of same is to prolong the life of the tire. This case is similar in principle to the question involved in the case of National Rubber Filler Company, 63 C. Cls. 337, and is controlled by the decision in that case. The purpose of both the rubber filler and of the blow-out patch was precisely the same, i. e., to prolong the life of the tire. The opinion of the court in the Rubber Filler case, by Chief Justice Booth, contains a clarifying and convincing discussion of the question involved here, and we have reached the conclusion that under the ruling in that case the blow-out patch manufactured *53 and sold by plaintiff was neither a part nor an accessory within the meaning of the taxing statute.
Plaintiff is entitled to recover, and it is so adjudged and ordered.
SiNNOtt, Judge; GkeeN, Judge; GRAHAM, Judge; and Booth, Chief Justice, concur.