No. 15,908.

ZOOK *v.* PERKINS, DIRECTOR OF REVENUE.

(195 P. [2d] 962)

Decided July 12, 1948.

Mr. John E. Gorsuch, Mr. Frederick L. Kirgis, Mr. Leonard M. Campbell, for plaintiff in error.

Mr. H. Lawrence Hinkley, Attorney General, Mr. Duke W. Dunbar, Deputy, Mr. George K. Thomas, Assistant, Mr. Charles F. Cory, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

This action was brought to review a decision of the Director of Revenue making a deficiency assessment against plaintiff in error under the Emergency Retail Sales Tax Act of 1935 (S.L. '35, c. 189). It involves the construction of section 2(n) of the act as applied to camelback, cushion gum, rubber cement and cord used in retreading motor vehicle tires. It was contended by plaintiff that sales of such commodities to persons engaged in the business of recapping and retreading tires were not taxable in that they were commodities of tangible personal property which became an ingredient of a manufactured product, and were exempt under section 2(n), supra which provides as follows: "Sales to and purchases of tangible personal property by a person engaged in a business of manufacturing, compounding for sale, profit or use, any article, substance or commodity, which tangible personal property enters into the processing of or becomes an ingredient or component part of the product or service which is manufactured,

compounded or furnished and the container, label, or the furnished shipping case thereof, shall be deemed to be wholesale sales and shall be exempt from taxation under this act."

█ There is no factual issue involved, and the case presents solely a question of law which is here subject to review to wit: Is a person engaged in tire recapping engaged in the business of manufacturing any article, substance or commodity within the meaning of the act.

The word "manufacture" has varying meanings dependent on the circumstances of its use. As employed in the Federal Bankruptcy Act it has been held to be used in its broadest sense, and in taxation statutes to have a narrower meaning. *Armature Exchange, Inc. v. United States,* 28 F. Supp. 10. Much refinement of reasoning has been given to the interpretation of the word "manufacturing" by the courts, which we think unnecessary here to explore. See, *In re I. Rheinstrom & Sons Co.,* 207 Fed. 119.

In the Rheinstrom case the court said that, for one to be a manufacturer he must produce a new article: that, "In order that one may be a maker, it is essential that he be the efficient cause of the coming into existance of something that did not before exist." In *Anheuser-Busch Brewing Ass'n v. United States,* 207 U.S. 556, 28 Sup. Ct. 204, 52 L. Ed. 336, the court said: "Manufacture implies a change, but every change is not manufacture * * * There must be transformation; a new and different article must emerge 'having a distinctive name, character or use.'" The tire retreader always uses as the basis of his operations an existing worn tire. As testified by an expert in the industry, "He examines the tire carcass to be used and repairs any breaks. He then uses a buffer to remove any old tread, applies rubber cement, builds up any low spots on the carcass with cushion gum, then applies a strip of camelback, places the rebuilt tire in a mold and cures it by the application of pressure and heat." When the operation is completed, no new pro-

duct, article, substance or commodity has been produced; no new character or use has been developed; no new name is applied. The new tread has no identity or existance apart from the tire. The original tire has not become a component part of a new product; rather the camelback and other substances have become component parts of the tire. There has not been the manufacture of a new article, but the repair of an old one. Recapping is not manufacturing as that word is generally defined.

Turning to the legislative intent for assistance in interpreting the statute, we said in *Bedford v. Colorado F. & I. Corp.*, 102 Colo. 538, 81 P. (2d) 752: "The statute was fundamentally intended to impose a tax upon that which is consumed and used and exempts only that which is sold for resale.", and in *Carpenter, Director of Revenue v. Carman Co.*, 111 Colo. 566, 144 P. (2d) 770: "The exemption from taxation by section 2(n), supra, of the intermediate sales of items incorporated in a product finally sold in finished form at retail, not only was promulgated to avoid a pyramiding of sales taxes into the cost of the finished product, but also contemplated that a sales tax should be collected on the end transaction and that such should be the measure of the total imposition on the composited product." The recapper does not sell his customers an article which was manufactured by him, and hence itself subject to sales tax, but rather renders a service by repairing and restoring an article theretofore manufactured, and there is no sales tax collectible on "the end transaction" between the recapper and his customer. Accordingly, to hold that recapping is a manufacturing process and that the materials entering into the processing are exempt from taxation, as here urged, would be contrary to the intent of the statute.

If further assurance were necessary, it would be found in the similar construction by the federal courts in

468

*Skinner v. United States,* 8 F. Supp. 999, *Armature Exchange Inc. v. United States,* 28 F. Supp. 10, and *Con-Rod Exchange, Inc. v. Henricksen,* 28 F. Supp. 924. The judgment of dismissal is affirmed.