**GORDY TIRE COMPANY**

v.

**The UNITED STATES.**

No. 292-63.

United States Court of Claims.

Decided Dec. 15, 1967.

Michael J. Egan, Jr., Washington, D. C., attorney of record for plaintiff; Sutherland, Asbill & Brennan, Washington, D. C., of counsel.

William C. Ballard, Jr., Washington, D. C., with whom was Asst. Atty. Gen., Mitchell Rogovin, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

OPINION

NICHOLS, Judge.

This case is closely related to the consolidated cases of Select Tire Salvage Co., Inc. v. United States, No. 325–62; and Connecticut Tire Company, Inc. v. United States, No. 326–62, Ct.Cl., 386 F.2d 1008, decided this day. In those cases, the plaintiffs were importers of tire carcasses who, in turn, sold the items imported to firms engaged in the actual recapping process. The only factual distinction between those cases and this case is that the plaintiff in the instant case is itself a recapper of tire carcasses and that it actually did recap those tire carcasses which it imported.[1] The opin-

---

1. It is appropriate to state at this point that the transcript of the testimony and

the exhibits in *Select* and *Connecticut* were the subject of a stipulation of the

ion in *Select* and *Connecticut*, holding the imported tire carcasses not to be "tires" taxable under Section 4071(a) of the Internal Revenue Code of 1954 (26 U.S. C. § 4071(a)), applies equally to the facts herein.

In *Select* and *Connecticut* the Government bottomed its position on Sections 4071 and 4072 of the Internal Revenue Code of 1954. In the instant case, the Government's starting point was Section 4218(a) (2).[2] Briefly, that Section places a tax upon the manufacturer, producer, or importer of a tire who "uses it" and provides for equating such "use" with a sale under Section 4071. Apparently the Government by this rationale hopes not to disturb the holding in Skinner v. United States, 8 F.Supp. 999 (S.D.Ohio, 1934), that a retreader is not a "manufacturer", as to domestic carcasses, but to avoid any application of the case to foreign carcasses. At this time we need not decide whether Gordy "used" the imported tire carcasses when it recaped them, so as to subject them to tax. It is enough to state that the item that is "used" must be a "tire." And, under the principles set forth in *Select* and *Connecticut*, the tire carcasses imported and retreaded by Gordy were not "tires."

For the reasons enunciated herein, judgment is entered for the plaintiff. The amount of recovery will be determined pursuant to Rule 47(c).

COLLINS, Judge, took no part in the decision of this case.

parties here. That stipulation was that the testimony and exhibits may be considered as evidence in this case in order to obviate the necessity for a trial.

2. Section 4218(a) (2) of the Internal Revenue Code of 1954 (26 U.S.C. § 4218, 1952 ed. Supp. II) provided:
"§ 4218. USE BY MANUFACTURER OR IMPORTER CONSIDERED SALE.
"(a) GENERAL RULE.—if—

\* \* \* \* \*

"(2) any person manufactures, produces, or imports a tire \* \* \* and \* \* \* uses it.
"he shall be liable for tax under this chapter in the same manner as if such article was sold by him \* \* \* "