**JOHN J. ROCHE CO. v. EATON, Collector of Internal Revenue.**

(District Court, D. Connecticut. September 20, 1926.)

No. 2966.

Internal revenue ⟨⟩9(11)—Repairer of automobiles held not subject to excise tax on sales of parts as manufacturer or producer (Comp. St. § 6309⅘a).

Plaintiff did a general automobile repairing business, repainting, reupholstering, repairing bodies and fenders, making and fitting side curtains, tops, slip covers and carpets, all to special orders of its customers. It carried no stock of manufactured articles, but made up parts it supplied from stock of materials on hand. *Held*, that its charges were for work performed, the charge for materials furnished being incidental thereto, and that it was not subject to manufacturer's or producer's sales tax under Act Feb. 24, 1919, § 900 (Comp. St. § 6309⅘a).

At Law. Action by the John J. Roche Company against Robert O. Eaton, Collector of Internal Revenue, District of Connecticut. Judgment for plaintiff.

Arthur L. Shipman, of Hartford, Conn., for plaintiff.

John Buckley, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn., and Frank C. Leslie, Sp. Atty. Internal Revenue, of Washington, D. C., for the United States.

THOMAS, District Judge. In this action the plaintiff company seeks to recover $607.76, the amount of an excise tax levied on the business of the defendant and paid under protest. The assessment was levied under the provisions of section 900, title 9, of the Act of February 24, 1919 (Comp. St. § 6309⅘a), the relevant parts of which read as follows:

"That there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—

"(1) Automobile trucks and automobile wagons (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), 3 per centum;

"(2) Other automobiles and motorcycles, (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum;

"(3) Tires, inner tubes, parts, or accessories, for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 5 per centum."

The stipulated facts are as follows:

"Stipulation.

"It is hereby stipulated and agreed by and between the respective parties to the above-entitled cause that the facts hereinafter set forth are true, and the parties hereto, deeming such facts material to the due and proper presentation of this cause, do hereby stipulate and agree to the following:

"I. That the plaintiff now is, and was at all times hereinafter mentioned, a corporation organized under the laws of the state of Connecticut, having its principal office in the city of Hartford within the said state.

"II. That the defendant now is, and was at all times hereinafter mentioned, collector of internal revenue for the district of Connecticut.

"III. That there was assessed against the plaintiff manufacturer's excise tax for the period from March, 1919, to May, 1919, inclusive, the sum of $27.30, which appears on Commissioner's special assessment list dated August, 1923. That there was assessed against the plaintiff for the period from June, 1919, to February, 1923, inclusive, manufacturer's excise tax in the sum of $433.56, together with a 25 per cent. penalty of $108.46, and a 5 per cent. penalty of $21.74, making a total of $563.76, which amount appears on the Commissioner's special assessment list dated May, 1923. That the 25 per cent. penalty, in the sum of $108.46, was abated, leaving a balance of tax and penalty due for the period from June, 1919, to February, 1923, inclusive, in the sum of $455.30. That interest on the tax and penalty of $455.30 in the sum of $123.64, and interest against 5 per cent. penalty in the sum of $1.52, was

assessed against the plaintiff upon the Commissioner's special assessment list dated April, 1923, making a total assessment appearing upon the Commissioner's three assessment lists above mentioned, tax, penalty, and interest, in the sum of $607.76.

"IV. That the amount of tax assessed against the plaintiff for the period from March, 1919, to February, 1923, inclusive, by months, is as follows:

| Month. | 1919. | 1920. | 1921. | 1922. | 1923. |
|---|---|---|---|---|---|
| January | —— | $ 16.65 | $ 4.50 | —— | —— |
| February | —— | 14.50 | —— | $ .48 | $9.18 |
| March | $ 9.10 | 10.50 | 18.00 | 10.35 | —— |
| April | 9.10 | 4.75 | 11.81 | 36.50 | —— |
| May | 9.10 | 14.73 | 12.30 | 15.01 | —— |
| June | 9.10 | 12.15 | 15.75 | 7.23 | —— |
| July | 9.10 | 12.50 | 22.22 | 12.83 | —— |
| August | 9.10 | 10.05 | 14.25 | 5.00 | —— |
| September | 9.10 | —— | 7.75 | 7.90 | —— |
| October | 8.83 | 6.25 | 10.00 | —— | —— |
| November | 6.25 | 12.55 | 5.44 | 1.53 | —— |
| December | 12.23 | 12.55 | 7.93 | 6.71 | —— |
| Totals | $91.01 | $127.18 | $129.95 | $103.54 | $9.18 |

Total........$460.86

"V. That the plaintiff paid the above-mentioned tax and penalty under protest as follows: $460.86 on August 23, 1923; $146.-90 on April 11, 1924; and that the plaintiff filed a claim for refund on April 25, 1924, for the full amount of $607.76, and that said claim was not acted upon by the Commissioner of Internal Revenue within six months from the date said claim was filed.

"VI. That the amount of the tax assessed by the Commissioner of Internal Revenue for the period from March, 1919, to August, 1923, inclusive, is correct in so far as the amount of said tax is concerned, computed on the articles that the Commissioner taxed, and that the plaintiff makes no question upon the amount of said tax, and only questions the right of the Commissioner of Internal Revenue to levy a manufacturer's excise tax upon it under section 900 (3) of the Revenue Act approved February 24, 1919, in respect to the character of business done by it during said period.

"VII. That both parties herewith reserve the right to introduce further testimony."

From the stipulated facts, and the evidence adduced at trial, I find as follows:

The plaintiff is a Connecticut corporation, having its place of business in Hartford. During the period in question it did a general automobile repairing business, and fitted, among other things it made, automobile side curtains, tops, slip covers, and carpets to the special order of its patrons. It carried no stock of manufactured articles with which to supply its customers, but made all materials up specially for each job as it was presented, to suit the whims and orders of each particular customer. It also repainted motor cars and reupholstered them. It repaired automobile bodies and fenders. It cut and fitted all the new material supplied from a stock of material on hand, for each customer, and it supplied all the new material that was used in the work of replacement or repair.

The tax was assessed on the price received by the plaintiff for the various articles above enumerated and supplied by the plaintiff to its patrons from 1921–1923, on the theory that the plaintiff was a manufacturer or producer of parts or accessories of automobiles, who sold the same.

It will not be questioned that a distinction exists between a contract of sale and one for work and materials. The distinction is not recent. It was recognized long anterior to the passage of the act of 1919. I will not assume that Congress was ignorant of its existence, and that, in the use of language having definite and ascertained legal connotations, it intended to disregard them. The notion or theory that, because the statute applicable is a taxing statute, its language was destined for lay perusal and devised for a lay interpretation, is a trifle overingenious. The law emanating from Congress is always addressed to all of the people. Rules of statutory construction do not vary in accordance with the assumed learning or intelligence of the class which in any given instance is specially affected by the legislation.

I hold that the dominant aspect of the transactions engaged in by the plaintiff was that of work performed. Materials were, of course, supplied; but the fact that these materials were not manufactured en masse, but were fashioned specially in each instance for a specific customer, makes the furnishing of them but an incident of the major transaction. While the line of demarcation between a contract of sale and one for services and material is often elusive, that is not a consideration which impugns the validity or the reality of the distinction.

I therefore hold that the parts or accessories (assuming that they are such) were not sold by the plaintiff within the intendment of the statute, and the excise tax levied and collected should be remitted. If I had any doubt as to the interpretation to be given to the statute, then under well-settled rules of construction I would be compelled to resolve that doubt in favor of the taxpayer.

Decree accordingly.