## MASTERBILT PRODUCTS CORPORATION v. UNITED STATES.

No. 44957.

Court of Claims.

Jan. 5, 1942.

Henry Woog, of New York City, for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

PER CURIAM.

The evidence shows that the plaintiff during the period involved in the case sold and delivered to Brown and Williamson Tobacco Corporation 120,000 cigarette lighters and dispensers for automobiles.

293

These cigarette lighters and dispensers were mechanical devices for automatically segregating, lighting, and ejecting a cigarette from a container holding a quantity of cigarettes. These lighters were supplied with a removable bracket for the purpose of being attached to the steering post of an automobile. They could be attached to a motorcycle or even a desk or a table without change or variation of the basic mechanics of the device by using a different kind of a bracket but there is no evidence of the device being actually used other than on automobiles.

These lighters and dispensers so sold by plaintiff were intended to be used in connection with the operation of automobiles and this was their primary use but they were not essential to the operation of the vehicle to which it was intended they should be attached. When affixed to an automobile in the manner above set forth, the device enabled a smoker who was driving a car to obtain a lighted cigarette without taking his eyes off of the road and the contrivance was advertised by the plaintiff as an automobile safety device.

The Collector of Internal Revenue assessed a tax on the sale of these lighters under Section 606(c) of the Revenue Act of 1932 as extended, 26 U.S.C.A. Int.Rev. Code, § 3403(c). The plaintiff paid the tax so assessed together with interest thereon and thereafter filed a claim for a refund of the taxes so paid on the ground that the cigarette lighter and dispenser so sold were not parts or accessories of automobiles but were adapted for use also on house models, ash receivers, etc. The Commissioner of Internal Revenue rejected this claim and the plaintiff brings suit to recover the amount of the tax and interest paid.

■ The Supreme Court in the case of Universal Battery Co. v. United States, 281 U.S. 580, 584, 50 S.Ct. 422, 423, 74 L.Ed. 1051, prescribed a rule for determining what devices were subject to tax. This rule was as follows: " * * * It is that articles primarily adapted for use in motor vehicles are to be regarded as parts or accessories of such vehicles, even though there has been some other use of the articles for which they are not so well adapted."

The findings show that the device sold was primarily adapted for use in motor vehicles; that it was so intended to be used, and that it was advertised as a safety device in the operation of automobiles which enabled the operator of a car to obtain a lighted cigarette without taking his eyes from the road.

■ The evidence shows that the device could be made to work when attached to a table, desk, or ash receiver but it could not be so operated under the ordinary house current and no suggestion is made as to how any advantage could be gained except when used in connection with an automobile. We think it is quite plain that the tax was properly imposed under all of the court decisions.

Plaintiff's petition must be dismissed and it is so ordered.