### SMITH v. McDONALD.
### Civ. A. No. 4456.

United States District Court
Middle D. Pennsylvania.
Nov. 10, 1953.

Henry D. O'Connor, Philadelphia, Pa., Carlon M. O'Malley, Scranton, Pa., for plaintiff.

Walter H. Beaman, Jr., Sp. Asst. to Atty. Gen., Department of Justice, Washington, D. C., for defendant.

WATSON, Chief Judge.

Howard H. Smith, the plaintiff in this action, seeks to recover from Joseph T. McDonald, Collector of Internal Revenue, the defendant, the amount he paid as excise tax which he contends was wrongfully assessed and paid, together with penalties and interest. The defendant filed an answer. The plaintiff moved for summary judgment which is now before the Court for disposition.

During the years 1945 through 1950, plaintiff, under the name of "Nite-Lite Sign Company", manufactured and sold an electric sign which was designed to be attached to the roofs of taxicabs. The sign consisted of an illuminated lucite housing on which was lettered "Taxi" or other appropriate words as required by the customer. This product was sold only to taxicab operators.

On or about May 4, 1950, the Commissioner of Internal Revenue assessed a five per cent excise tax on the sales of plaintiff's product for the period 1945 to 1950, inclusive. In imposing this excise tax, the Commissioner maintained that the plaintiff was a manufacturer of automobile parts and accessories within the definition of Section 3403(c) of the Internal Revenue Code, 26 U.S.C. § 3403 (c). Plaintiff paid this tax and on March 8, 1952, filed a claim for refund which was rejected.

The averments in the complaint and admissions in the answer resolve the issue to a question of law only, that is, whether the product of the plaintiff, upon the manufacture and sale of which the excise tax was imposed, is an automobile part or accessory, as such terms were used by Congress.

The test for determining whether an article is a part or accessory within the statute is whether or not it is primarily adapted for use on or in connection with vehicles enumerated in the statute. Electric Storage Battery Co. v. McCaughn, D.C.Pa., 52 F.2d 205; Universal Battery Co. v. United States, 281 U.S. 580, 50 S.Ct. 422, 74 L.Ed. 1051.

The devices in question were primarily designed and specially adapted to be attached to the roof of an automobile. They were used for no other purpose. The plaintiff's product, having been sold solely for such purpose, falls within the definition of a part or accessory. The tax was accordingly properly levied and plaintiff's motion for summary judgment must be denied.

There remains the further question as to the proper disposition of the case, since the defendant has not made a cross-motion for summary judgment. If the defendant had made such a motion, it is clear that he would be entitled to summary judgment. As the purpose of the summary judgment pro-

**160**

cedure under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C., is to expedite the disposition of cases in which there is no genuine issue as to any material fact requiring trial, the Court may properly enter summary judgment in favor of the party entitled to it.

"Rule 54(c) gives the court the power to enter the final judgment to which the prevailing party is entitled, even if the party has not demanded such relief in his pleadings, except in default judgment cases. The theory is that the form of the pleadings should not place a limitation upon the power of the court to do justice." 3 Moore, Federal Practice, Section 56.02. So where either the proponent of a claim or the defending party moves for summary judgment, and the court finds that the moving party is not entitled thereto, but that the other party is so entitled, the court has the power to render the proper judgment, although a cross-motion was not made.

Summary judgment should be entered for the defendant and an appropriate order will be entered.