JOHNNIE & MACK, Inc.

v.

UNITED STATES.

FELLER et al.

v.

UNITED STATES.

Civ. Nos. 5024, 5023.

United States District Court,
S. D. Florida, Miami Division.

June 16, 1954.

David Levine, Miami, Fla., for plaintiff.

James L. Guilmartin, U. S. Atty., J. Edward Worton, Asst. U. S. Atty., Miami, Fla., for defendant.

HOLLAND, Chief Judge.

1. The Court has jurisdiction of the parties and the subject matter.

2. The plaintiffs are John S. Feller, an Individual T/A Johnnie & Mack Body Shop, in No. 5023–M–Civil, and Johnnie & Mack, Inc., a Florida corporation, in No. 5024–M–Civil.

3. The plaintiff Johnnie & Mack, Inc., and its predecessor John S. Feller operated and operates, among others, a seat cover business in Miami, Florida.

4. Seat covers are made to individual order after selection of fabrics by the purchaser, regardless of whether the purchaser is an individual automobile owner or is a new or used automobile dealer.

5. The automobile dealers are to be regarded under the applicable tax law as consumers of the product sold.

6. The sales of seat covers are sales of labor and materials and are not sales of seat covers as accessories.

7. The respective plaintiffs have paid a deficiency manufacturer's excise tax on seat covers in the following amounts: John S. Feller, in 5023–M–Civil, $392.28; Johnnie & Mack, Inc., in 5024–M–Civil, $477.03, calculated on the basis of one and one-half per cent of the gross sales as being sales to dealers.

8. The taxes assessed and collected by the defendant, United States, were improperly assessed and collected.

### Conclusion of Law

1. The alleged taxable sales here involved, being one and one-half per cent of the total gross sales, indicates that the defendant regarded the sales to individuals as being sales of seat covers not manufactured in such a manner as to be taxable under 26 U.S.C.A. § 3403(c) as amended and applicable to this case, and the Court concludes as a matter of law that the distinction drawn by the defendant regarding the one and one-half per cent of the total gross sales, which represented sales to dealers of used and new automobiles, was an unwarranted distinction.

2. The Court concludes that the respective plaintiffs should have and recover the amounts as agreed in the stipulation between the parties.

3. Costs of this action should be taxed by the Clerk against the defendant.

4. A judgment should be drawn conforming to these findings and submitted to the Court for signature.