MASAO HIRASUNA, doing business as
Mike's Auto Top Shop & Upholstery
Shop, Plaintiff,

v.

S. V. McKENNEY, District Director of
Internal Revenue, Defendant.
Civil No. 1431.

United States District Court
D. Hawaii.
Dec. 1, 1955.

Shiro Kashiwa, Honolulu, Hawaii, for plaintiff.

Louis B. Blissard, U. S. Atty., District of Hawaii, by Charles B. Dwight, III, Asst. U. S. Atty., Honolulu, Hawaii, for defendant.

McLAUGHLIN, Chief Judge.

Plaintiff operates an auto top and upholstery shop. In 1953, he was assessed $1,766.70 under § 3403 of the Internal Revenue Code of 1939, 26 U.S.C. § 3403, for taxes due for the period January 1, 1949, to August 31, 1952. In this assessment plaintiff was classified as a manufacturer of automobile accessories, namely: seat covers. Plaintiff paid the assessment, filed a claim for refund which was denied, and then instituted this suit to recover the amount paid.

The parties have agreed that the amount in dispute is $1,391.92, representing the amount assessed attributable to sales of seat covers to used car dealers only. It is also stipulated that the assessment is proper if the seat covers are automobile accessories and were manufactured or produced as contemplated by § 3403 of the Internal Revenue Code of 1939.[1]

Trial was held without a jury.

1. This stipulation is based on the ruling of August 18, 1952, Cum.Bull.1952-2, Regs. 46 (1940), Sec. 316.55, pp. 255-256. The bulletin refers to a prior unpublished ruling and clarifies the Government's position. The unpublished ruling made a distinction between sale of seat covers to dealers in new or used automobiles as compared to private individual automobile owners, in that the former is a sale for resale and therefore taxable while the latter is a sale for consumption and not taxable. This distinction was discarded in the present ruling and all sales of seat covers as described above are now taxable, although not retroactively.

## Finding of Facts

During the described period the plaintiff was engaged in the business of covering automobile seats. The materials used were kept in stock, in roll-form, at the place of business, in large quantities and in various types, quality and colors. Customers desiring their car seats covered brought their cars to plaintiff's place of business, and after selecting the type, color and quality of materials to be used, left their cars. The customers designated the seats or parts thereof to be covered. Plaintiff took measurements, cut and sewed the material, and installed it by tacking it to the car seat.

## Conclusions of Law

Plaintiff makes two contentions: First, that the seat covers are not automobile accessories; and second, that he is not a manufacturer of seat covers. Both contentions are based on the concept that what plaintiff did was repairing.

## Parts or Accessories

Administrative regulations define "parts or accessories." [2] The basic case defining "parts or accessories" is Universal Battery Co. v. United States, 1930, 281 U.S. 580, 50 S.Ct. 422, 74 L.Ed. 1051. In that case the Court said:

"The administrative regulations * * * have construed the term 'part' * * * as meaning any article designed or manufactured for the special purpose of being used as, or to replace, a component part of such vehicle, and which by reason of some characteristic is not such a commercial article as ordinarily would be sold for general use, but is primarily adapted for use as a component part of such vehicle. The regulations also have construed the term 'accessory' as meaning any article designed to be used in connection with such vehicle to add to its utility or ornamentation and which is primarily adapted for such use, whether or not essential to the operation of the vehicle.

"* * * We think the view taken in the administrative regulations is reasonable and should be upheld." 281 U.S. at pages 583, 584, 50 S. Ct. at page 423.

In Crawford Mfg. Co. v. United States, Ct.Cl.1931, 50 F.2d 280, the court, following Universal Battery Co. v. United States, supra, held that seat covers were parts or accessories. See also Masterbilt Products Corp. v. United States, 1942, 42 F.Supp. 294, 95 Ct.Cl. 451, which relies on the Universal Battery Co. case.

In McCaughn v. Electric Storage Battery Co., 3 Cir., 1933, 63 F.2d 715, the court, though following the definition of parts or accessories in Universal Battery Co., held that storage batteries were not parts or accessories. It noted they were equally well adapted to uses other than merely automobiles. (*Note:* Congress

---

However, only where a manufacturer satisfactorily shows that he did not include the tax in his price for sales to individual automobile owners by reason of relying on the unpublished ruling, may he recover any tax so paid. The assessment in this case represents sales to dealers only, and such sales have always been taxable.

2. 26 C.F.R. § 316.55:

"*Definition of parts or accessories.* (a) The term 'parts or accessories' for an automobile truck or other automobile chassis or body, taxable tractor, or motorcycle, includes (1) any article the primary use of which is to improve, repair, replace, or serve as a component part of such vehicle or article, (2) any article designed to be attached to or used in connection with such vehicle or article to add to its utility or ornamentation, and (3) any article the primary use of which is in connection with such vehicle or article whether or not essential to its operation or use. * * *

"(b) The term 'parts and accessories' shall be understood to embrace all such articles as have reached such a stage of manufacture that they are commonly or commercially known as parts and accessories whether or not fitting operations are required in connection with installation. The term shall not be understood to embrace raw materials used in the manufacture of such articles."

has since specifically named storage batteries as parts or accessories and taxable, 26 U.S.C. § 4062.) Jn Smith v. McDonald, 3 Cir., 1954, 214 F.2d 920, the taxpayer manufactured electric taxi-cab signs attachable to the top of cabs by suction cups. Reversing the lower court, 116 F.Supp. 158, the court held that the signs were not parts or accessories. It reasoned that since automobile radios, fare registers and fare boxes were expressly made non-taxable by regulations and these electric signs were in the same category, it followed that these signs cannot be automobile accessories within the meaning of the statute. This conclusion is based upon the premise that the automobile radios, fare registers and fare boxes are not accessories. We do not agree. The exemption we believe has a different base. The exclusion of these items from taxation as accessories was not because they are not accessories, but rather, for example, in the case of the radios Congress expressly excepted them as they were and are taxed by another section of the Code. See: 26 U.S. C: §§ 4061(b), 4141. And in the case of the fare registers and fare boxes the regulations excluded them for they, too, are taxable under other sections. See: 26 C.F.R. § 316.140(c). Tires and inner tubes are indisputably parts or accessories for automobiles. Yet, like radios, tires and inner tubes are excluded from the tax in the same paragraph. Exclusion does not determine status for Congress may exclude any article from taxation even though such article is clearly a part or accessory. Indeed, the more reasonable construction is that Congress excluded these items from the tax because otherwise they would be taxable as parts or accessories. Fare registers and fare boxes are taxed as business machines and exempt as parts or accessories lest a taxpayer be twice taxed for the same items. This tax pattern also achieves desirable uniformity without doing violence to the definition of parts and accessories. The enumeration of these items does not serve as examples of what is not an accessory, but merely enumerate what shall not be taxed as accessories. It hence cannot be relied upon as a test of what is an accessory. Concededly these affixed electric advertising signs do not add to the utility of an automobile used as a taxicab. However, the definition of parts or accessories under the regulations includes "any article the primary use of which is in connection with such vehicle or article whether or not essential to its operation or use." 26 C.F.R. § 316.55. The electric signs come within the four corners of this definition.

In Johnnie & Mack, Inc., v. United States, D.C.Fla.1954, 123 F.Supp. 400, the taxpayer made seat covers to individual order after selection of fabrics by the purchaser. Purchasers included dealers in new and used cars as well as individual car owners. The tax was assessed only on sales to dealers, which were one and one-half per cent of the taxpayer's gross sales. The court held that the sales were of labor and materials and not of a specific automobile accessory. The court seems to have reasoned that by not taxing sales to individuals, the United States had indicated it regarded such transactions as sales of seat covers made in such a manner as to be non-taxable. The court apparently deducted that, since sales to individuals were not taxable and as there was no warranted distinction to be predicated upon the identity of the purchaser, the sales to dealers likewise were not taxable. On the contrary, it appears more likely that the United States did not tax the sales to individuals because of its prior unpublished ruling in which a distinction was made between sales to individuals and sales to dealers. In that and the subsequent published ruling, it was made clear that sales to dealers were always taxable.[3] The proper view to take, we believe, where there is no warranted distinction between sales to individuals and sales to dealers is to hold all such sales taxable regardless of the

3. See Footnote 1.

type of buyer. Furthermore, the position expressed in the unpublished ruling was premised upon the seat covers being accessories. We are not moved by the Johnnie & Mack case, for we find no convincing reason or reasons supporting the conclusion there reached that seat covers are not accessories.

■ Applying the test laid down in the Universal Battery Co. case to the facts of this case, we hold that the seat covers made by the plaintiff are accessories for automobiles within the meaning of the statute for they are primarily adapted for use in motor vehicles.

## Manufacturer or Producer

■ The ordinary meaning of manufacture includes any process with a resulting product, aside from natural products, so long as the hand of man was instrumental in bringing it about. This is manufacture in its broadest sense. Under the regulations the definition of manufacture is no less broad: "The term 'manufacturer' includes a person who produces a taxable article from scrap, salvage, or junk material, as well as from new or raw material, (1) by processing, manipulating, or changing the form of an article, or (2) by combining or assembling two or more articles." 26 C.F. R. § 316.4(a). Granting that the word manufacture so defined is very broad, we see no reason why this broad definition should not control. See: United States v. Armature Exchange, 9 Cir., 1941, 116 F.2d 969, reversing Armature Exchange v. United States, D.C.Cal.1939, 28 F. Supp. 10; United States v. J. Leslie Morris Co., 9 Cir., 1941, 124 F.2d 371; United States v. Moroloy Bearing Service, 9 Cir., 1941, 124 F.2d 373; Henricksen v. Seward, 9 Cir., 1943, 135 F.2d 986, 150 A.L.R. 1, holding that Con-Rod Exchange, Inc., v. Henricksen, D.C.Wash. 1939, 28 F.Supp. 924, is not law; Clawson & Bals, Inc., v: Harrison, 7 Cir., 1939, 108 F.2d 991; United States v. Armature Rewinding Co., 8 Cir., 1942, 124 F.2d 589; Niagara Motors Corp. v. McGowan, D.C.N.Y.1942, 45 F.Supp. 346; Monteith Bros. Co. v. United States, 7 Cir., 1944, 142 F.2d 139; Clawson & Bals v. United States, 7 Cir., 1950, 182 F.2d 402. Applying this definition to this case, we find that seat covers were in fact manufactured, for the cars came out of the shop with seat covers where there were none in the shop when the cars. were driven in.

■ Under the statute here involved the tax attaches only when a manufactured part or accessory is sold by the manufacturer. We have held that seat covers are manufactured parts or accessories, and that these seat covers were sold is not disputed. Thus the only remaining question is whether plaintiff is the manufacturer liable for the tax. Where a customer brings in his own materials and has the seat covers made by the jobber, he in effect is buying the skill and labor of the jobber so that the transaction becomes one for work and labor. To be sure, a seat cover has been manufactured, but the customer is the manufacturer and not the jobber. Here title to the article throughout the process is retained by the customer. See: In re Burkhead, D.C.Tex.1952, 106 F. Supp. 527. On the other hand, where the jobber supplies the material as well as his skill and labor and the customer pays for the seat covers at a price for completed and installed seat covers, the jobber is the manufacturer and is liable for the tax. In John J. Roche Co. v. Eaton, D.C.Conn.1926, 14 F.2d 857, the court held this latter type of operation to be for work and labor. However, this case seems to have overlooked the question of who is the manufacturer.

Plaintiff claims that he is doing repair work. Use of the term "repair" is deceiving in this area. Webster defines "repair": "To restore to a sound or good state after decay, injury, etc." Whenever any component part or accessory of an automobile is put in serviceable condition, common parlance description is that the "automobile has been repaired." Likewise, plaintiff here claims that the seats are being repaired. Broadly speaking it is not incorrect to maintain such a position for the reference is to

the whole even though only a part thereof was fixed. However, the word "repair" in this context must have reference to the particular part or accessory in question. Thus since we are dealing with seat covers and not seats, the repairing must have reference to seat covers and not seats. In other words, plaintiff must claim that the seat covers are being repaired. A seat cover is repaired only if a portion of it is redone and the basic seat cover is still intact. See: Martin Tire Co. v. United States, D.C.Fla.1955, 130 F.Supp. 316. Where the old seat cover is removed and a new one installed or where a new one is installed where none existed, the operation is not repair, but replacement or addition.

The foregoing shall be considered to be findings of facts and conclusions of law in satisfaction of the requirements of Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.

Judgment for defendant.