**H. H. KEETON, Sr., trading and doing business as Virginia Auto Top Company,**

v.

**The UNITED STATES of America.**
**Civ. A. No. 2194.**

United States District Court
E. D. Virginia, Richmond Division.
April 24, 1956.

Hunton, Williams, Gay, Moore & Powell, Richmond, Va., for plaintiff.

L. S. Parsons, Jr., U. S. Atty., Richmond, Va., for the Government.

HUTCHESON, Chief Judge.

The plaintiff owns and operates a proprietorship in Richmond, Virginia, under the name of Virginia Auto Top Company. Plaintiff's business, among other things, consists of selling seat cover material to a customer, and then installing or fashioning such material into a seat cover in the customer's automobile. This portion of plaintiff's business is commonly referred to and known as the custom seat cover business. Plaintiff carries no stock of seat covers and only cuts and installs the desired material upon order of the customer. However, plaintiff does carry a varied stock of material. After the customer chooses his desired material from the stock, plaintiff places it on the seats and backrests of the customer's car, marks the material, then removing the material from the car, it is cut to fit. The cut material is then sewn together and fastened to the seats and backrests of the automobile. The price to the customer is fixed by the price of the material plus a mark up for labor and profit.

The Internal Revenue Service of the United States, hereinafter referred to as the defendant, on and after August 8, 1952, assessed an excise tax on all seat covers so made by the plaintiff. This was the manufacturer's tax on automobile accessories sold by the manufacturer under Section 3403(c), Title 26 U.S.C.A., 1939. Plaintiff paid a total of $640.39 in the period 1952 through the calendar year 1953, and thereafter filed claim for refund. The refund having been denied plaintiff brings this action.

Plaintiff contends that he is not a manufacturer of automobile accessories within the meaning of Title 26, § 3403 (c), U.S.C.A., of the Internal Revenue Code 1939. It is his position that he sells seat cover materials and merely performs the labor of installing that material on the automobile of his customer. Hence he is not a manufacturer within the meaning of Section 3403(c), supra.

The word "accessory" in the statute has been held to include electric cigarette lighters, seatcovers, electric storage batteries, etc. Masterbilt Products Corp. v. United States, 42 F.Supp. 294, 95 Ct.Cl. 451; Crawford Manufacturing Co. v. United States, 50 F.2d 280; Universal Battery Co. v. United States, Ct.Cl., 281 U.S. 580, at pages 583–584, 50 S.Ct. 422, 74 L.Ed. 1051. In the late case (1955), Masao Hirasuna v. McKenney, D.C., 135 F.Supp. 897, seat covers were held to be an accessory within the meaning of Section 3403(c). Thus I think it is clear that seat covers, as such, are within the meaning of the word "accessory" in the statute.

However, the crux of the matter in this case resolves itself to the question of whether the type of operation here involved may be construed to be manufacture within the meaning of Section 3403(c), supra. The Hirasuna case, supra, a Hawaiian case, holds that custom seat covers do come within the meaning of the word "manufacturer" in the statute. In that case the taxpayer ran a business identical in all respects to the business of the plaintiff in the case at bar. The Court held that the seat cover materials were raw materials and that the taxpayer had manufactured the seat covers, i. e., "We find that seat covers were in fact manufactured, for the cars came out of the shop with seat covers where there were none in the shop when the cars were driven in". 135 F.Supp. at page 900.

I am unable to accept the reasoning of the learned judge in this respect. The cases cited supra on what an "accessory" is, all deal with tangible objects which

are complete units prior to attachment to the automobile. The Internal Revenue Service has always differentiated between manufacture and installation even to the extent of prorating the retail cost, basis of the excise tax, to per cent of cost for the manufactured article and per cent of cost for the labor and installation. They then tax that portion which is manufactured and do not tax that portion which is labor and installation. Thus the accessory, as such, is clearly distinguishable from the labor necessary to make it a functioning part of the car. There are three steps necessary before the accessory becomes a part of the car, i. e., (a) the raw materials, (b) the actual manufacture of the raw materials into a finished useful object, and (c) the installation of this object on to the automobile. If the three-step test is applied here, then the raw materials would be those materials that went into the fabric itself, the bolt of fabric would be the "manufactured" object, i. e., the "accessory", and the cutting and attaching to the automobile of the fabric would be the installation. Actually, in the case at bar plaintiff is concerned only with the last two step. He acquires the bolt of fabric from the manufacturer and he then applies this fabric, selected by the customer, to the customer's car. This principle is illustrated in the case of Bacon and Van Buskirk Glass Co. v. Luckenbill, 55-1 U.S.T.C., Par. No. 49, 124 (S.D.Ill., 1955), where the plaintiff was in the retail glass business. Plaintiff there would cut from a large plate of glass, glass for a windshield, and then install it in the customer's car. The Court did not write an opinion but based its holding on the fact that plaintiff did not manufacture the glass, but only cut it to size and installed it. The Bacon and Van Buskirk case, supra, was followed in the case of Cotter v. Luckenbill, 55-2 U.S.T.C., Par. No. 9698 (S.D.Ill., 1955).

The United States District Court of Connecticut in 1926 decided the case of John J. Roche Co. v. Eaton, 14 F.2d 857, 858. The facts in that case were essentially on all fours with the case at bar except that the plaintiff in the Roche case performed auto repairs in addition to custom slip covers. The Internal Revenue Service has undertaken to distinguish the Roche case from the type of case at bar. However, I think they are indistinguishable and that the conclusions in the Roche case are sound. In the Roche case the Court uses language appropriate to the instant case:

"I hold that the dominant aspect of the transactions engaged in by the plaintiff was that of work performed. Materials were, of course, supplied; but the fact that these materials were not manufactured en masse, but were fashioned specially in each instance for a specific customer makes the furnishing of them but an incident of the major transaction."

In view of the foregoing reasoning I hold that the work done by plaintiff does not come within the meaning of Section 3403(c), supra, and consequently plaintiff is not a manufacturer of auto accessories within the meaning of the statute.

Judgment for the plaintiff in the sum of $640.39 will be granted upon presentation of appropriate order.