**UNITED STATES of America, Appellant,**

v.

**H. H. KEETON, Sr., Trading and Doing Business as Virginia Auto Top Company, Appellee.**

No. 7282.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 15, 1956.
Decided Nov. 8, 1956.

Walter R. Gelles, Attorney, Department of Justice, Washington, D. C.

(Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and I. Henry Kutz, Attorneys, Department of Justice, Washington, D. C., L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., and R. R. Ryder, Asst. U. S. Atty., Richmond, Va., on brief), for appellant.

H. Brice Graves and Ralph H. Ferrell, Jr., Richmond, Va. (Hunton, Williams, Gay, Moore & Powell, Richmond, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and FAHY*, Circuit Judges.

FAHY, Circuit Judge.

Appellee taxpayer[1] sued the United States in the District Court for the Eastern District of Virginia to recover the amount of certain excise taxes he had paid on an assessment under section 3403(c) of the Internal Revenue Code of 1939, 53 Stat. 410, as amended, 26 U.S.C. § 3403 (1952).[2] The court gave judgment for the taxpayer and the United States appeals.

The taxes were levied on the theory that taxpayer was a manufacturer[3] who sold automobile accessories, namely, automobile seat covers, and thus came within the excise tax imposed by section 3403(c). Footnote 2, supra. There is no dispute that automobile seat covers are automobile accessories. The District Court so held. And see Universal Battery Co. v. United States, 281 U.S.

580, 583–584, 50 S.Ct. 422, 74 L.Ed. 1051; Masao Hirasuna v. McKenney, D. C., 135 F.Supp. 897 (D.C.Hawaii). The question is whether taxpayer manufactured and sold such seat covers. If so he was not entitled to obtain judgment against the United States for the amount of tax he had paid.

Taxpayer's business insofar as here relevant may be described as the making of automobile seat covers on special orders of customers who select the material to be used from fabrics he carries in stock. Taxpayer reported to the Internal Revenue Service 60 per cent of the total charges incident to these covers for the tax period in question. The remaining 40 per cent of his charges was attributed to fitting and installation. Accordingly the disputed tax amounts to 8 percentum of 60 percentum of the total price of the covers.[4]

The price taxpayer fixed was for the completed job, which varied according to the value of the particular material selected by the customer. The price also included an item for fashioning and installing the cover in the car. In the end the price was made up of the cost of material and labor, an allowance for overhead, and a percentage for profit.[5]

In making the seat covers taxpayer removes the seats and rear backrests of the automobile and places them on a table. The front backrests are left in the car. The material to cover each

---

* Sitting in the Fourth Circuit by designation of the Chief Justice.

1. H. H. Keeton, Sr., Trading and Doing Business as Virginia Auto Top Company.

2. In pertinent part this section read as follows:

"There shall be imposed upon the following articles sold by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold:

 * * * * *

"(b) * * * Other automobile chassis and bodies * * * suitable for use in connection with passenger automobiles * * *.

"(c) Parts or accessories * * * for any of the articles enumerated in subsection (a) or (b), 8 per centum * *."

3. U. S. Treas.Reg. 46, § 316.4 (1940) provides in pertinent part:

"The term 'manufacturer' includes a person who produces a taxable article * * * from new or raw material, (1) by processing, manipulating, or changing the form of an article, or (2) by combining or assembling two or more articles."

4. The period involved was the last three months of 1952 and the twelve months of 1953. The amount of the judgment was $467.67, with interest.

5. As we have seen 40% of the total price is omitted from the amount upon which the tax is computed, because attributed to fitting and installation.

surface is measured and cut somewhat larger than the surface. This material is then drawn over the surface and marked with chalk around the edges. It is next removed and cut at the chalk markings. A binding is sewed around the edges, and the cut sections are sewed together and trimming is attached. The covers so made are not sewed to the seats of the car but are clamped by means of hog rings to the metal frames encircling the seats and backrests. When completed the seat covers constitute separate articles; they are not integral parts of the seats or backrests of the car. Furthermore, taxpayer does not sell the materials separately. He sells the finished product.

The District Court held taxpayer did not sell a manufactured article, expressing disagreement with the contrary conclusion reached in like factual circumstances in Masao Hirasuna v. McKenney, supra. The court pointed out that three steps were necessary before the accessory becomes part of the car, i. e. (a) the raw materials, (b) the actual manufacture of the raw materials into a finished, useful object, and (c) the installation of this object. Applying this three-step test it considered as raw materials those used in making the fabric, so that the bolt of fabric, which taxpayer purchased, constituted the manufactured object, i. e. "the accessory," and the cutting and attaching of the fabric to the automobile constituted installation. Our difficulty with this analysis is that while it is true the fabric had been manufactured independently it became thereafter part of an additional manufacturing process leading to a finished seat cover.

 Appellee contends that Congress had in mind automobile accessories which were first manufactured and then carried in stock as completed articles, that is, accessories sold altogether apart from any process of selection of material, fitting or installation. Nevertheless, the language used is broad enough to cover what here occurs. Indeed, one of the ordinary meanings of the verb "manufacture" is to "make by hand," though of course "to make by machinery" is also to manufacture. The articles here made, or manufactured, are seat covers, not the material of which the seat covers are made. Were we considering, for example, an excise tax on the sale by a manufacturer of men's suits we would hardly fail to apply it to suits which were custom tailored of cloth selected by customers from rolls kept in stock, if this were a regular course of business, as is the making of these accessories by the present taxpayer. While more often than not one might think of an article sold by a manufacturer as an article completed independently of the method of selling it, this is not decisive. In applying section 3403(c) its language must be accorded reasonable scope, including different types of manufacturing. The tax must not be so narrowly applied as to leave beyond its reach activities which are fairly within the intendment and language of the statute. There is no "clear-cut reason for limiting the apparent generality of the statutory term[s] involved." Fides, A. G. v. Commissioner, 4 Cir., 137 F.2d 731, 734. The seat covers are distinctly identifiable as articles manufactured and sold by taxpayer. Masao Hirasuna v. McKenney, supra. Compare John J. Roche Co. v. Eaton, D.C.Conn., 14 F.2d 857.

Reversed and remanded for entry of judgment for appellant.