JOHNNIE & MACK, Inc., a Florida Corporation, Plaintiff,

v.

The UNITED STATES of America, Defendant.

Civ. A. No. 6621–M.

United States District Court
S. D. Florida.
Jan. 30, 1957.

David Levine, Miami, Fla., for plaintiff.

O. B. Cline, Jr., Asst. U. S. Atty., Miami, Fla., for the United States.

WYCHE, District Judge. (Sitting by Designation).

### Findings of Fact

1. The Court has jurisdiction of the parties and the subject matter.

2. The plaintiff, Johnnie & Mack, Inc., a Florida corporation, operated and operates, a general auto repair shop and among its services is that which is com-

monly referred to as the custom seat cover business. Plaintiff carries no stock of seat covers and only cuts and installs the desired material upon order of the customer. However, plaintiff does carry a varied stock of material. After the customer chooses his desired material from the stock, plaintiff places it on the seats and backrests of the customer's car, marks the material, then removes the material from the car and it is cut to fit. The cut material is then sewn together and fastened to the seats and backrests of the automobile.

3. Defendant on and after October 1952 assessed an excise tax on all seat covers so made by the plaintiff. This was the manufacturer's tax on automobile accessories sold by the manufacturer under Section 3403(c), Title 26, U.S.C.A., Int.Rev.Code 1939. Plaintiff paid a total of $4,392.33 from the period October 1952 through October 1954, and thereafter filed claim for refund. The refund having been denied, plaintiff brings this action.

4. Plaintiff contends that it is not a manufacturer of automobile accessories within the meaning of Title 26, Section 3403(c), U.S.C.A., of the Internal Revenue Code, 1939. It is its position that it sells seat cover materials and merely performs the labor of installing that material on the automobile of its customers.

5. It is my opinion that the plaintiff is not a manufacturer within the meaning of Section 3403(c), supra.

### Conclusions of Law

1. Sales of seat covers in the instant case are sales of labor and material and not sales of seat covers as accessories.

2. It was not the intent and purpose of Congress to classify the plaintiff as a manufacturer and as further evidenced by the ruling of the Internal Revenue Bureau which was in effect for 17 years from 1953 (ST824, CB December 1935, page 368).

3. On the 16th day of June, 1954, before the Hon. John W. Holland presiding, this Court in a case involving the same parties, 123 F.Supp. 400, and the same facts as the instant case, the Court found that the plaintiff's sales of seat covers were sales of labor and material and not sales of seat covers as accessories, and after having heard the testimony in this case, I find no valid reason for disturbing this ruling.

It is my opinion that the work done by the plaintiff does not come within the meaning of Section 3403(c), supra, and consequently the plaintiff is not a manufacturer of auto accessories within the meaning of the statute.

Judgment for the plaintiff in the sum of $4,392.33 will be granted upon the presentation of appropriate order.