## CUNO ENGINEERING CORPORATION v. UNITED STATES.
### No. H–278.

Court of Claims.
June 16, 1930.

262

Alex Koplin, of Washington, D. C., for plaintiff.

R. C. Williamson, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, LITTLETON, and GREEN, Judges.

BOOTH, Chief Justice.

This is a tax case, involving the exaction of the amount claimed under section 900 of the Revenue Act of 1921 (42 Stat. 227, 291). The cited section reads as follows:

"That from and after January 1, 1922, there shall be levied, assessed, collected, and paid upon the following articles sold or leased by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold or leased—

"(1) Automobile trucks and automobile wagons (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), 3 per centum;

"(2) Other automobiles and motor cycles (including tires, inner tubes, parts, and accessories therefor, sold on or in connection therewith or with the sale thereof), except tractors, 5 per centum;

"(3) Tires, inner tubes, parts, or accessories for any of the articles enumerated in subdivision (1) or (2), sold to any person other than a manufacturer or producer of any of the articles enumerated in subdivision (1) or (2), 5 per centum."

Subdivision 3 of section 600 of the Revenue Act of 1924 (43 Stat. 253, 323 [26 USCA § 881 note]), reduced the tax rate from 5 to 2½ per cent. The plaintiff is a Connecticut corporation engaged in manufacturing and selling, among other electrical devices, cigar lighters and combination electric cigar lighters and ash receivers. The one issue in this case is whether the electric cigar lighters and combination lighters and ash receivers are taxable as either parts or accessories of an automobile. The facts, we think, are indisputable, and sufficiently appear to characterize the case. That the devices taxed were attached to and used by persons in automobiles is admitted, as well as the fact that the custom of the automotive trade was sought by public advertisements and in catalogues of the plaintiff. Finding IV. We think it clear that article 16 of the Commissioner's regulations, defining parts, has no application here. If the devices are taxable, they fall within the classification designated by the Commissioner as accessories. It reads as follows:

"Definition of Accessories.—An 'accessory' for an automobile truck, automobile wagon, or other automobile chassis or body, or motor cycle is any article designed to be attached to or used in connection with such vehicle or article to add to its utility or ornamentation, or any article which is primarily adapted for use in connection with such vehicle or article whether or not essential to its operation or use."

The installation of a cigar lighter and ash receiver is manifestly a convenience to smokers occupying an automobile. It may or may not add to the ornamentation of a car. This is a matter of taste. The defendant asserts that "Congress meant to tax articles used on or in connection with automobiles." If so, the taxing statute has not been so construed by the Commissioner or the courts. Auburn Rubber Co. v. United States, 67 Ct. Cl. 49; Wells Mfg. Co. v. United States, 66 Ct. Cl. 283; Milwaukee Motor Products Co. v. United States, 66 Ct. Cl. 295. The Commissioner has not taxed flower holders, ash receivers, cardcases, toilet cases, vanity cases, baby cribs, or hammocks. Obviously a clear distinction prevails, and was within the intent of the Revenue Act, between an extraneous article or device capable and designed for use as a matter of comfort or luxury to occupants of an automobile, and one so intimately connected with its safe operation and functioning elements that it becomes a component part of the machine's utility. The segregation essential to make depends upon the facts of each case. We have held so more than once. Edison Storage Battery Company v. U. S., 67 Ct. Cl. 543, decided May 6, 1929; Cracker Jack Co. v. U. S., 67 Ct. Cl. 89, decided February 4, 1929. Aside from the general commercial value of the devices here involved, it is difficult to see how they in any wise prolong the life of a car, aid in its operation, or function to overcome any of the various difficulties attendant upon the car's operation, or the incidental inconveniences of automotive travel. A box of safety or loose matches, a separate automatic cigar lighter

and ash receiver, clearly constitute a substitute for the devices involved. The electric lighter takes the place of all these, and does no more than serve a personal convenience to the occupant of the car who desires and seeks its use. We think the devices are to be classified alongside flower holders, cardcases, etc., heretofore mentioned. Part of the amount claimed, $434.14, is barred by limitation. Rev. St. § 3228, as amended by the Revenue Act of 1921, § 1316 (42 Stat. 314) and the Revenue Act of 1924, § 1012 (43 Stat. 342 [26 USCA § 157]).

Judgment is awarded the plaintiff for $16,133.10, with interest as provided by law. It is so ordered.

This case was heard before the appointment of WHALEY, Judge. He therefore took no part in its decision.