**SMITH v. McDONALD.**

**No. 11250.**

United States Court of Appeals
Third Circuit.

Argued April 6, 1954.

Decided August 3, 1954.

Henry D. O'Connor, Philadelphia, Pa., for appellant.

Davis W. Morton, Jr., Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, Sp. Assts. to the Atty. Gen., J. Julius Levy, U. S. Atty., Scranton, Pa., on the brief), for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

Is an electric sign designed to be attached to the top of a taxicab to advertise its wares an automobile "accessory" within the meaning of Section 3403(c) of the Internal Revenue Code which imposes a five per cent tax on auto accessories?[1]

That is the issue—of first impression—presented by the instant appeal.

[1] Revenue Act of 1941; 26 U.S.C. § 3403 (1946). Section 3403(c) provides in part:

"There shall be imposed upon the following articles sold by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold: * * *

"(c) Parts or accessories (other than tires and inner tubes and other than radios) for any of the articles enumerated in subsection (a) or (b), 5 per centum. For the purposes of this subsection and subsections (a) and (b), spark plugs, storage batteries, leaf springs, coils, timers, and tire chains, which are suitable for use on or in connection with, or as component parts of, any of the articles enumerated in subsection (a) or (b), shall be considered parts or accessories for such articles, whether or not primarily adapted for such use. * * *"

The facts may be summarized as follows:

The plaintiff, Howard H. Smith, trading as Nite-Lite Sign Company, manufactures but one product—an electric sign designed to be attached by suction cups to the tops of taxicabs. The sign consists of a lucite tube housing lettered "Taxi", "Vacant", "Yellow", "Checker", "Veteran", or as otherwise desired. The signs are illuminated by electric bulbs in the lucite housing. They were purchased only by taxicab operators.

The Revenue Act of 1941 which imposed a five per cent excise tax on automobile accessories in Section 3403(c) also imposed a 10 per cent excise tax on "Neon-tube signs, electric signs, and electric advertising devices" in Section 3406(a)(5).

Plaintiff in 1941 registered with his local Collector of Internal Revenue as a manufacturer of a product subject to the provisions of Section 3406(a)(5) and collected from his customers the 10 per cent tax on electric advertising signs and remitted to the Collector.

In 1942 the tax on electric advertising signs was repealed; the plaintiff was notified and he no longer collected from his customers.

On May 5 1950, the Collector assessed the five per cent auto accessory excise tax on all sales made by the plaintiff from March, 1945 on the premise that its taxicab signs were taxable as an auto accessory under Section 3403(c). It may be noted parenthetically that the plaintiff had not collected such a tax from his customers.

The plaintiff paid the assessment of $5,673.35 made by the Collector, filed claim for refund and then entered suit in the United States District Court for the Middle District of Pennsylvania. The District Court held that the plaintiff's signs were "primarily designed and specifically adapted to be attached to the roof of an automobile" and were thus "within the definition of a part or accessory."[2]

The sum of plaintiff's contention on this appeal is that an "advertising sign or device" is not included in the generic term "automobile accessory"; that "that which is accessory is integrated in the thing to which it is accessory"; that his electric sign is *accessory* to the taxicab operator's *business and not to his cab.*

It is the Collector's position that Section 316.55 of Treasury Regulations 46[3] which pertains to Section 3403(c) properly specifies that any article which is

**2.** Smith v. McDonald, D.C.M.D.Pa.1953, 116 F.Supp. 158, 159.

**3.** Section 316.55 of Treasury Regulation 46, as amended December 2, 1941, T.D. 5099, 6 F.R. 6132 (1941), in effect during the taxable years here involved, provided as follows:

"Sec. 316.55. *Definition of parts or accessories.*—The term 'parts or accessories' for an automobile truck or other automobile chassis or body, taxable tractor, or motorcycle, includes (a) any article the primary use of which is to improve, repair, replace or serve as a component part of such vehicle or article, (b) any article designed to be attached to or used in connection with such vehicle or article to add to its utility or ornamentation, and (c) any article the primary use of which is in connection with such vehicle or article whether or not essential to its operation or use. However, such term does not include tires, inner tubes, and automobile radios, since these articles are expressly excluded by the statute from the tax on parts or accessories. With respect to fare registers and fare boxes for use on busses and automobiles, see section 316.140.

"The term 'parts and accessories' shall be understood to embrace all such articles as have reached such a stage of manufacture that they are commonly or commercially known as parts and accessories whether or not fitting operations are required in connection with installation. The term shall not be understood to embrace raw materials used in the manufacture of such articles.

"Spark plugs, storage batteries, leaf springs, coils, timers, and tire chains, which are suitable for use on or in connection with, or as component parts of, automobile truck or other automobile chassis, taxable tractors, or motorcycles, are considered parts of or accessories for such articles whether or not primarily designed or adapted for such use."

designed to be attached to an automobile to add to its utility or ornamentation, or whose primary use is in connection with an automobile, is an "accessory". The Regulation, says the Collector, is dispositive of the plaintiff's contention under Universal Battery Co. v. United States, 1930, 281 U.S. 580, 50 S.Ct. 422, 74 L.Ed. 1051.

We are in accord with the Collector's view that a reasonable construction by Treasury Regulations of the terms or words used in an Act should not be disturbed. However, here the applicable Treasury Regulations negate his contention that an article is an accessory merely because it adds to the utility or ornamentation of an automobile or its primary use is in connection with it. That is so because the Treasury Regulations in effect during the years 1945 to 1950 (and now) specifically provided that "automobile radios" and "fare registers and fare boxes for use on busses and automobiles" are not included within the term "parts or accessories". Certainly it cannot be gainsaid that radios add to the "utility" of an automobile and particularly that taxi meters add to the "utility" of an automobile used as a taxicab.

It is apparent from the Collector's oral argument and printed brief that he is unaware of the fact that Treasury Regulations 46 contain a provision holding taxi meters not to be accessories. For example, in citing to us the Treasury Regulations in the appendix to his brief he quoted "Treasury Regulations 46 (1940 ed.)". However, the quoted Regulations were not those in effect during the taxable years here involved. On December 2, 1941, they were amended by the addition of the following:

> "However, such term (parts or accessories) does not include tires, inner tubes, and *automobile radios*, since these articles are expressly excluded by the statute from the tax on parts or accessories. *With respect to fare registers and fare boxes for use on busses and automobiles, see section 316.140*." (emphasis supplied)

Section 316.140(c) referred to above provides as follows:

> "(c) Fare registers and fare boxes for use in streetcars, busses, and other vehicles are taxable as business machines under section 3406(a)(6) *and not as automobile accessories under section 3403(c) I.R.C., as amended*." (emphasis supplied)

It may be observed that the Treasury Department has held that emblems designed to be attached to automobiles to show membership in automobile clubs, societies, etc. are not taxable as automobile parts or accessories, S.T. 409, II–1 CB 285.

Upon consideration of the issue we are of the opinion that plaintiff's electric signs are not accessories. The character and use of these signs on taxicabs is analogous to the character and use of taxi meters on taxicabs.

For the reasons stated the judgment of the District Court in favor of the Collector will be reversed and the cause remanded with instructions to proceed in accordance with this Opinion.