**BENMATT ORGANIZATION, Inc.,**
Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**BENMATT ORGANIZATION, Inc.,**
Plaintiff,

v.

**Robert A. RIDDELL, Director of Internal Revenue, State of California, Defendant.**

**Nos. 16905, 16906.**

United States District Court
S. D. California, Central Division.

Oct. 3, 1955.

Riley & Hall, B. H. Neblett, William T. Huston, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Bruce I. Hochman, Asst. U. S. Attys., Los Angeles, Cal., for defendant.

HARRISON, District Judge.

These two consolidated actions involve manufacturers' excise taxes from November 1, 1947, through March 31, 1951, in the amount of $38,284.84, together with interest as provided by law. The sole question involved is whether license plate frames bearing an advertisement are "automobile accessories" within the meaning of § 3403(c) of the Internal Revenue Code of 1939 [now §§ 4061, 4062 and 4063 of the Internal Revenue Code 1954, 26 U.S.C.A.]

Section 3403 at the time these excise taxes became due provided as follows:

"There shall be imposed upon the following articles sold by the manufacturer, producer, or importer, a tax equivalent to the following percentages of the price for which so sold:

\* \* \* \* \*

"(c) Parts or accessories (other than tires and inner tubes) for any of the articles enumerated in subsection (a) or (b), 2 per centum. For the purposes of this subsection and subsections (a) and (b), spark plugs, storage batteries, leaf springs, coils, timers, and tire chains, which are suitable for use on or in connection with, or as component parts of, any of the articles enumerated in subsection (a) or (b), shall be considered parts or accessories for such articles, whether or not primarily adapted for such use. \* \* \* "

Treasury Regulation 46 (1941), § 316.55, restated in Federal Tax Regulations (1955) at page 1176, provides in part as follows:

"(a) The term 'parts or accessories' for an automobile truck or other automobile chassis or body, taxable tractor, or motorcycle, includes (1) any article the primary use of which is to improve, repair, replace, or serve as a component part of such vehicle or article, (2) any article designed to be attached to or used in connection with such vehicle or article to add to its utility or ornamentation, and (3) any article the primary use of which is in connection with such vehicle or article whether or not essential to its operation or use. However, such term does not include tires, inner tubes, or automobile radio or television receiving sets, since these articles are expressly excluded by the statute from the tax on parts or accessories. With respect to fare registers and fare boxes for use on busses and automobiles, see § 316.140.

"(b) The term 'parts and accessories' shall be understood to embrace all such articles as have reached such a stage of manufacture that they are commonly or commercially known as parts and accessories whether or not fitting operations are required in connection with installation. \* \* \* "

Plaintiff without dispute is the manufacturer of three types of license plate frames. One type is for dealers advertising the dealer's name, the second has the name of the state or city, and the third is plain.

Plaintiff only seeks a refund on the first type. It has paid excise taxes on the second and third kind.

It contends that the first type is an advertising device and therefore cannot come within the purview of an automobile accessory inasmuch as the dealer-purchaser gives the frames to his customers without charge.

The evidence in this case discloses that automobile license frames can be purchased at any automobile accessory store, which in itself indicates their classification by the trade.

In Masterbilt Products Corp. v. United States, 42 F.Supp. 294, 296, 95 Ct.Cl. 451, the Court of Claims stated:

"The Supreme Court in the case of Universal Battery Co. v. United States, 281 U.S. 580, 584, 50 S.Ct. 422, 423, 74 L.Ed. 1051, prescribed a rule for determining what devices were subject to tax. This rule was as follows: '* * * It is that articles primarily adapted for use in motor vehicles are to be regarded as parts or accessories of such vehicles, even though there has been some other use of the articles for which they are not so well adapted.'"

[See also 1 Words and Phrases under definition of "accessory" as well as Webster's Dictionary].

It appears to me that the license plate frames in dispute are primarily adapted for use on motor vehicles. They are constructed to be affixed to automobiles by bolts, add to the utility and become a component part of the automobile as well as an ornament.

License plate frames are in common use and are as familiar to an automobile user as any other part of the vehicle. They also protect the license plate from the elements and prevent vibration. It is my view that the use of frames is so widely known that the court can take judicial notice of their utility and use as well as the ornamentation. Cadwalader v. Zeh, 151 U.S. 171, 176, 14 S.Ct. 288, 38 L.Ed. 115.

The plaintiff has recognized that frames without the advertising matter inserted on the body of the frames are subject to the tax by paying the same and not seeking a refund. But, the plaintiff contends that because the frame is given to the purchaser of an automobile without charge by the seller of the motor vehicle, providing it carries an advertisement designating the name of the dealer, it is no longer an accessory but an advertisement for the benefit of the seller.

To put the same more clearly, plaintiff contends that an accessory ceases to be an accessory when an advertising plate is affixed thereto. Hub caps would be exempt under the same theory. A package of matches continues to be a package of matches notwithstanding the package carries an advertisement.

Plaintiff places great reliance upon Smith v. McDonald, 3 Cir., 214 F.2d 920. In that case plaintiff manufactured an electric sign designed to be attached by suction cups to the tops of taxicabs. The signs were illuminated by electric bulbs and were purchased only by taxicab operators. The sign indicated whether the taxicab was vacant or other information that would be sought by prospective customers. The court held that the signs on taxicabs were analogous to the character for use of taxicab meters on taxicabs and were not subject to excise tax as an automobile accessory. With this holding we have no quarrel but fail to see its application to this case. It must be remembered that each case depends upon the particular facts under consideration. Cuno Engineering Corporation v. United States, 43 F.2d 259, 262, 70 Ct.Cl. 384.

A license plate frame is a license plate frame whether it bears an advertisement or not. A rose by another name does not cease to be a rose.

Plaintiff has overlooked the fact that we are dealing with an excise tax on the manufacturer, which in effect is a sales tax at the source not a retailer's sales tax. The tax is on the sale price of the manufactured article and not on the use it is put to by the dealer-purchaser. The manufacturer makes these frames for a purpose and a price. Whether the dealer-purchaser gives them to his customers or sells them is immaterial to any issue in this case. Williams v. Harrison, 7 Cir., 110 F.2d 989; 51 Am. Juris. p. 61; 33 C.J.S., Excise-Exclude, p. 111.

Plaintiff shall take nothing by reason of these actions and defendant is entitled to a judgment of dismissal. Counsel for defendant is directed to prepare and submit to me within ten days its proposed findings and judgment.