**Irwin ARAN, doing business as Auto Nurse Manufacturing Company, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15741.**

United States Court of Appeals Ninth Circuit.

May 10, 1958.

Rehearing Denied June 14, 1958.

Certiorari Denied Oct. 20, 1958. See 79 S.Ct. 100.

Robert N. Aran, Pacific Palisades, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., Theodore D. Taubeneck, Lee A. Jackson, I. Henry Kutz, Carolyn R. Just, Attys., Dept. of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Edward R. McHale, John G. Messer, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This appeal involves the question of the inclusion, by the descriptive words of the tax statute, "automobile parts or accessories," [1] of articles designed solely for use in connection with automobiles. Specifically, the articles dealt with here were baby bottle warmers, which were designed to operate from the cigarette lighter outlet on an automobile.

Aran, doing business as "Auto Nurse Manufacturing Company," made and sold baby bottle warmers fitted with a cord and connection capable of being inserted into the cigarette lighter, with which automobiles are generally equipped. These bottle warmers are primarily used by parents with infant children, and are sold in baby, drug and department stores under the advertised name of "Auto Nurse." Aran printed on his business stationery a picture of an automobile with the slogan, "Auto Nurse warms Baby's food—on the Go!" There was no method by which the "Auto Nurse" could warm a bottle for the baby except when attached to an automobile, unless a converter could have been obtained to adapt the device for attachment on ordinary electric outlets. Aran did not even manufacture such a converter.

From May 31, 1949, through November 17, 1954, Aran made payments of manufacturers' excise tax on the sale of the baby bottle warmers.

On February 4, 1955, in response to a request, the Treasury Department ruled by letter that the bottle was not subject to the manufacturers' excise tax. On February 14, 1955, Aran filed his claim for refund. By letter dated December 8, 1955, the Treasury Department notified Aran that further consideration had been given and the previous ruling was reversed. Subsequently, the claim was disallowed, and this action for refund was filed in the District Court.

Based upon a stipulation and testimony, the District Court entered judgment against Aran, and this appeal followed.

The evidence did not prove that there was a long and consistent administrative practice which established a construction by those officials charged with the collection of the excise tax. The interpretation of the statute was favorable to Aran at first, but reversed ten months later. The construction in

---

1. Both section 3403(c) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3403(c) and section 4061(b) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 4061(b) impose manufacturers' excise taxes upon "parts or accessories" sold by the manufacturer for "automobile chassis and bodies."

favor of liability has support in other regulations and rulings upon like articles.[2] Under such circumstance, the administrative officials are empowered to change a ruling.[3]

The question is one of construction of the statute in the first instance.[4] The language can be interpreted rationally to include devices not essential to the operation or use of an automobile. The interpretation by the Treasury regulations include as a part or accessory "any article the primary use of which is in connection with such vehicle or article [automobile chassis or body] whether or not essential to its operation or use." [5] There is no difficulty in construing the language of the enactment. The fact that all possible parts and accessories were not enumerated in the enactment itself constitutes no test. Improvements and new accessories are constantly being brought on the market. In Universal Battery Company v. United States, 281 U.S. 580, 584, 50 S.Ct. 422, 423, 74 L.Ed. 1051, it is said:

> "We think the view taken in the administrative regulations is reasonable and should be upheld. It is that articles primarily adapted for use in motor vehicles are to be regarded as parts or accessories of such vehicles, even though there has been some other use of the articles for which they are not so well adapted."

There are questions of fact: (1) whether it is an article used in connection with an automobile; (2) whether it is primarily so used; and ultimately (3) whether it constitutes a part or accessory.[6] The trial court made findings against the taxpayer and for the government.

This Court has affirmed a District Court in holding that seatcovers for automobiles are "parts or accessories" subject to tax under this section.[7] It was there argued that seatcovers could be put to other uses and that these articles, although primarily for use in connection with an automobile, were not essential for the operation or use thereof. It was also argued that the seatcovers were primarily for the comfort and convenience of the passengers. Although this question of fact as to seatcovers was determined by the trial court in the Hirasuna case and affirmed here, that opinion does not foreclose our examination of a different question of fact in the instant case. The trial judge in this case has, however, arrived at a like conclusion upon the different set of facts presented by this record. This circumstance is highly persuasive. Furthermore, the findings are to be accepted by this Court generally unless clearly erroneous.

While it is true that the intention of the manufacturer might not be controlling in a case where the article is pri-

---

2. Rev.Rul. 57–232, 1957–22, Int.Rev.Bull. 13 (utility lights primarily designed to operate from a cigarette lighter outlet in an automobile); Rev.Rule 57–231, 1957–22, Int.Rev.Bull. 12 (heating pad primarily designed to operate from a cigarette lighter outlet); Rev.Rul. 56–544, 1956–2, Cum.Bull. 797 (air-conditioner primarily designed to operate from cigarette lighter outlet); S.T. 843, XV–1 Cum.Bull. 396 (1936) (baby autoseats, beds and hammocks primarily designed for use in automobiles).

3. "The rule which attaches weight to administrative interpretation is inapplicable where * * * the construction has not been uniform." Campbell v. Brown, 5 Cir., 245 F.2d 662, 666. See also United States v. Missouri Pacific Railroad Company, 278 U.S. 269, 280, 49 S.Ct. 133, 73 L.Ed. 322; Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 183, 77 S.Ct. 707, 1 L.Ed.2d 746 (revocation of administrative rulings based upon mistake of law permitted).

4. Internal Revenue Code of 1954, § 4061 (b), and Internal Revenue Code of 1939, § 3403(c).

5. Treas.Reg. 46 (1940 ed.) § 316.55(c).

6. Benmatt Organization, Inc. v. United States, 9 Cir., 236 F.2d 959, affirming and adopting opinion in D.C., 134 F. Supp. 511.

7. Hirasuna v. McKenney, 9 Cir., 245 F.2d 98.

marily used as a part or accessory, still the fact that here the manufacturer designed, advertised and sold the article primarily for such use has heavy weight.

Affirmed.