In view of the foregoing defendants motion to dismiss Count IV is granted.

All of the numerous other motions filed in connection with this cause have not been considered as they are rendered moot by the rulings of this Court on the foregoing motions.

It is therefore ordered that this memorandum opinion constitute this Court's finding of facts and conclusions of law and that judgment be entered for the defendant Sterling on Count III and that Counts I, II, and IV of the Amended Complaint as amended by Interlineation be dismissed and the Clerk of this Court is directed to prepare judgment in accordance therewith.

**GENERAL ELECTRIC COMPANY,**
**Plaintiff,**

v.

**Melvin J. BURTON, District Director of Internal Revenue, Defendant.**

**Civ. A. No. C 63–263.**

United States District Court
N. D. Ohio, E. D.
May 20, 1965.

Squire, Sanders & Dempsey, James C. Davis and Warren E. Hacker, Cleveland, Ohio, of counsel; Walter H. Beaman, Jr., New York City, for plaintiff.

Merle M. McCurdy, U. S. Dist. Atty., Cleveland, Ohio, Richard M. Roberts, Acting Asst. Atty. Gen., C. Moxley Featherson, David A. Wilson, Jr., Marvin Joseph Garbis, Dept. of Justice, Washington, D. C., for defendant.

GREEN, District Judge.

This suit was brought under 26 U.S.C. § 7422 to recover internal revenue taxes

alleged to have been erroneously and illegally assessed and collected from plaintiff by defendant under 26 U.S.C. § 4131 for the second calendar quarter of 1962 (April 1, 1962 to June 30, 1962). The tax in question was imposed upon a device manufactured and sold by defendant known as an electro-luminescent lamp, which will be more fully described hereinafter and referred to herein as EL lamps.

The legislation pertinent to this action is Section 4131 of the Internal Revenue Act of 1954 and a Treasury Regulation promulgated thereunder, 26 C.F.R. § 48.-4131-2. Section 4131 of the Act, in pertinent part, provides:

> There is hereby imposed upon the sale by the manufacturer * * * of electric light bulbs and tubes * * * a tax equivalent to 10 percent of the price for which so sold.

The Regulation, 26 C.F.R. Section 48.-4131-2, in pertinent part, provides:

> Definitions—For purposes of the tax imposed by section 4131, unless otherwise expressly indicated, the term "electric light bulbs and tubes" includes any device designed for the diffusion of artificial light for illuminative or decorative purposes through the use of electricity * *.

Plaintiff contends that the EL lamps are not a "light bulb or tube" within the sense of Section 4131, and do not fall within the scope of the regulation under a proper rule of strict construction. Plaintiff contends that if the regulation is literally construed it should be considered as inconsistent with the statute and therefore invalid.

Defendant argues that the taxability of the EL lamp comes within the statute itself, and that the regulation is valid and consistent with the statute.

The EL lamp produced by plaintiff is in appearance a flat plastic envelope, ap-proximately 1/64th of an inch thick. It is constructed in a sandwich fashion, bonding together seven thin sheets of material of varying composition.

The two outer layers of the sandwich are transparent plastic, serving as the basic wrapper. The operative parts of the EL lamps, which serve to produce the light, are two sheets of conductive material, one of which is aluminum foil and the other a transparent conductive plastic, which are separated by an insulating plastic layer which is either coated with or impregnated with a phosphor. The other two sections of the sandwich are non-operative insulating layers. To the two sheets of conductive material are attached the electric terminals. As manufactured by plaintiff, the two outer layers are larger than the inner sheets, forming a clear border or margin of 1/8th to 1/4th of an inch.

The EL lamp produces light when a standard 120-volt alternating current is supplied to the terminals. The current passing through the two sheets of conductive material produces a varying electric field, which energizes the phosphor layer causing it to radiate visible light. The intensity of the light emitted varies from about 3 to 5 foot lamberts.[1]

The EL lamp can be made to emit green, yellow, blue or white light, depending on the phosphor used. It has been produced by plaintiff in flat sheets in varying sizes from very small up to one foot by thirty feet, and can be cut into different shapes and designs or rolled to a tubular form. The envelope contains no air or gasses. The EL lamp will continue to function although pierced by some object or delaminated, with some loss of illumination as the phosphor absorbs moisture from the air.

Plaintiff advances the argument that the words "light bulbs and tubes" as used in the taxing statute should be in-

---

1. A foot lambert is a term used to describe brightness of light, and differs from other terms applied to the measurement of light, such as foot candles, although the concepts may be related to one another.

The intensity and brilliance of the EL lamp was stated by plaintiff's witnesses, and observed by the Court, to be considerably less than that of conventional incandescent or fluorescent lamps.

terpreted in their ordinary every day senses as they would be understood by that public in which they are to take effect, United States v. Isham, 84 U.S. 496, 17 Wall. 496, 21 L.Ed. 728 (1873); United States v. Brown Wood Preserving Co., 275 F.2d 525 (CA 6, 1960), and that so used they would not include the EL lamp.

There was testimony offered by plaintiff that among those conversant with the electric light industry the EL lamp would not be considered a light bulb or tube.

The defendant, on the other hand, sought to establish that the EL lamp would come within the technical definition of a light bulb.

While the Court is of the belief that the EL lamp is not a "light bulb or tube," as that term is commonly used, that is not determinative of the issue in this action.

The statute here in question was first enacted as a part of the Revenue Act of 1941, effective October 1, 1941, C. 412, 55 Stat. 687, Section 558. The regulation here in question was promulgated a short time thereafter and effective November 28, 1941, Treasury Regulations 46 (1940 ed.), Section 316.180. The original regulation, as does the present one, defined an "electric light bulb or tube" as "any device designed for the diffusion of artificial light for illuminative or decorative purposes through the use of electricity."

The question to be determined by the Court in this case is whether the EL lamp falls within the scope of the regulation, and whether the regulation is valid.

Plaintiff has cited to the Court certain rules of statutory construction which it urges as authority for the proposition that the EL lamp is not subject to the tax imposed under Section 4131, principally the rules of strict construction, United States v. Wigglesworth, 2 Story 369, 373, Fed.Cas.No. 16,690, and of *eo nomine* designation, United States v. John H. Faunce, Inc., 21 C.C.P.A. 80 (Customs, 1933).[2] The Court does not believe that resort to, or casting about among, various rules of statutory construction will resolve the problem here presented. As was said by the Supreme Court:

> Generalities about statutory construction help us little. They are not rules of law but merely axioms of experience. Boston Sand & Gravel Co. v. United States, 278 U.S. 41, 48 [49 S.Ct. 52, 53, 73 L.Ed. 170]. They do not solve the special difficulties in construing a particular statute. The variables render every problem of statutory construction unique. United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 221, 73 S.Ct. 227, 229, 97 L.Ed. 260 (1952).

In the Court's opinion the regulation here under consideration is plain and unambiguous on its face, and there is no need to resort to sophisticated rules of statutory construction to define its scope, as is sometimes necessary in the case of ambiguous statutory language.

The regulation imposes the tax upon "any device designed for the diffusion of artificial light for illuminative or decorative purposes through the use of electricity." The Court finds that the EL lamp is such a device.

The fact that the intensity of the light emitted by the EL lamp is considerably less than that of standard incandescent or fluorescent lamps is of no import. The light emitted is for illuminative or decorative purposes, and is of the same order as many conventional "night lights."

Plaintiff has contended that a limitation can be read into the regulation to the effect that the device mentioned therein must be in bulb or tube form in order to conform with the statute. The Court does not believe that such a limitation can be read into the regulation. To do so would alter the plain language of the regulation.

---

2. The Court notes that the cases cited by plaintiff invoking the rule of eo nomine designation are all customs cases.

■ ■ Having determined that the EL lamp is taxable under the language of the regulation, the question then to be determined is whether the regulation itself is valid under the terms of the statute. In this regard, there is a well established rule of law that must be observed. Treasury regulations are presumed to be valid, and must be sustained unless unreasonable and clearly inconsistent with the revenue statutes. In the case of Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U. S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948), the Supreme Court stated:

> This Court has many times declared that Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes and that they constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons.

See also White v. Winchester Country Club, 315 U.S. 32, 62 S.Ct. 425, 86 L.Ed. 619 (1942); Spangler v. Commissioner of Internal Revenue, 278 F.2d 665 (CA 4, 1960); Acker v. United States, 258 F.2d 568 (CA 6, 1958).

■ In determining the question as to the validity of the regulation we must look to the intent of Congress in enacting the taxing statutes. The burden, however, does not rest on the defendant to prove that the regulation is consistent with the intent of Congress, but rather upon the plaintiff to show that the regulation is clearly inconsistent with the Congressional intent in order to overcome the presumption of validity. It is the Court's opinion that plaintiff has not carried that burden.

There is virtually no legislative history on the antecedents of Section 4131. The tax was initially proposed by the Senate as an addition to the Revenue Bill of 1941 as formulated by the House, and was as a tax on "electric light bulbs," S.Rep. No. 673, Part 1, p. 53, 77th Cong., 1st Sess. (1941–2 Cum.Bull. p. 506).

The Conference Committee Report then states:

> Amendment No. 118: This amendment imposes a 10 per cent manufacturers' excise tax on electric light bulbs. The House recedes with an amendment excluding articles otherwise taxable, reducing the tax to 5 per cent, *and making it clear* that the tax applies to electric light tubes. H.Conf.Rep.No.1203, p. 16, 77th Cong., 1st Sess. (1941–42 Cum. Bull. 516). (Emphasis added).

■ It is the Court's opinion that this history, which is all that is available, does not support the view that a regulation taxing all light sources is inconsistent with the Congressional intent. If any assistance may be obtained therefrom, it would appear that the regulation is in accord with the Congressional intent.

At the time the statute was enacted, the widely known commercial electric light sources were in the shape of bulbs and tubes, and while the principles of electro-luminescence were known, they had not been utilized in any significant commercial developments as of 1941.

As proposed by the Senate, the tax was on "electric light bulbs." The Conference Report states that the amendment to "electric light bulbs and tubes" was *to make it clear* that the tax applied to electric light tubes, and does not state that the amendment was for the purpose of adding light tubes to the statute or to limit it to such.

It can reasonably be implied that the statute as originally formulated was intended to include bulbs and tubes, the electric light sources then known, and the change of statutory language was to make that purpose explicit.

The statute under consideration became effective October 1, 1941. Shortly thereafter, and substantially contemporaneously with the enactment of the statute, effective on November 28, 1941, the treasury regulation under consideration herein was issued defining the scope of the tax on "electric light bulbs and

tubes" to be any device designed for the diffusion of artificial light for illuminative or decorative purposes through the use of electricity.

▇▇▇ The regulation released almost contemporaneously with the effective date of the statute strongly indicated the intent of Congress in the enactment of the statute and is entitled to serious consideration in determining the scope of the statute. The Supreme Court has stated:

> [The Treasury Department's] substantially contemporaneous expressions of opinion are highly relevant and material evidence of the probable general understanding of the times and of the opinions of men who probably were active in the drafting of the statute. White v. Winchester Country Club, 315 U.S. 32, 41, 62 S.Ct. 425, 430 (1942).

The Court cannot find after reviewing the legislative history that the regulation is clearly inconsistent with the Congressional intent.

▇▇▇ The fact that the EL lamp was developed after the excise tax was passed does not exempt it from taxation, so long as it is within the statute and regulation. Aran v. United States, 259 F. 2d 757, 759 (CA 9, 1958).

Plaintiff argues that the Internal Revenue Service has held to a rule of strict construction in construing excise tax statutes, and in fact has previously construed the statute in question so as to exclude the EL lamp.

Insofar as previous Revenue Rulings construing such words as "radio receiving sets," "phonograph records," "tubes," and others, are concerned, those rulings are not strictly relevent herein. Each of the rulings concerned the meaning of specific language, and did not involve a regulation that by its plain language encompassed the product in question.

As to Internal Revenue's own application of the statute in question, plaintiff cites two previous rulings which it contends support its position.

In Rev.Rul. 57–96, 1957–1 Cum.Bull. 374 it was held that the importation of complete Christmas tree light sets was not the importation of electric light bulbs, as such, within the meaning of Section 4131. No reference was made in that ruling to the regulation.

That ruling can be explained, although imperfectly, by analogizing it to Rev. Rul. 55–735, 1955–2 Cum.Bull. 455. In the 1955 ruling it was held that a neon glow lamp which was incorporated into a finished product was not taxable under Section 4131, having lost its original identity. The bulb itself was considered as a taxable item. The 1957 ruling would appear to be reflective of this theory of original identity being lost by incorporation into another item.

The other prior ruling, however, as to the taxability of EL lamps by the Internal Revenue Service, is troublesome to some degree, in that it held the same product as is here in question to be exempt from tax under the antecedent to Section 4131. The ruling was by way of letter dated August 14, 1951, and was directed to Sylvania Electric Products, Inc. In the letter no reference was made to the then existing regulation, which was basically the same as Regulation 48.-4131–2.

In March, 1962 plaintiff requested a ruling on the taxability of the EL lamp. In response, Internal Revenue sent a letter holding the EL lamp subject to tax under Section 4131, with specific reliance on the definition of "light bulb or tube" as contained in the regulation. Thereafter, a Revenue Ruling of the same import was issued, Rev.Rul. 6234, 1962–1 Cum.Bull. 207.[3]

Defendant has made an effort to explain away the Sylvania ruling, on the basis that the author of the letter failed to understand the true nature of the product to be a light source, rather than an electrical condenser. The Court does

---

3. The Revenue Ruling included as taxable night lights incorporating an EL lamp, which question is not before this Court.

not consider this to be likely, as the letter recognizes that the lamp was to be used for illuminative and decorative purposes, although it did state that "the combination is literally a luminous condenser."

The Court is more in agreement with defendant's alternative contention that the Sylvania ruling disregarded the regulation, and simply was erroneous.

Plaintiff strongly urges that the Christmas tree light set ruling and the Sylvania ruling are exemplary of twenty years of administrative interpretation of the statute and regulation confining taxation to light sources in bulb and tube form, and that:

> Against the Treasury's prior long-standing and consistent administrative interpretation its more recent *ad hoc* contention as to how the statute should be construed cannot stand. United States v. Leslie Salt Co., 350 U.S. 383, 396, 76 S.Ct. 416, 424, 100 L.Ed. 441 (1956).

 The difficulty with this argument is that until the development of the EL lamp, and the request for ruling by Sylvania, the Treasury Department had no cause to consider light sources other than bulbs and tubes. The question thus resolves itself to whether the Sylvania ruling in 1951 precludes the defendant from presently taking a contrary position or represents Congressional acquiescence in said ruling. The answer to this question is stated in Commissioner of Internal Revenue v. P. G. Lake, Inc., 356 U.S. 260, 266, 78 S.Ct. 691, 695, 2 L.Ed.2d 743 (fn. 5) (1958):

> The pre-1946 administrative practice was not reflected in any published ruling or regulation. It therefore will not be presumed to have been known to Congress and incorporated into the law by re-enactment [citations omitted]. Moreover, prior administrative practice is always subject to change "through exercise by the administrative agency of its continuing rule-making power."

The Commissioner of Internal Revenue may change his past rulings so long as he does not thereby prejudice the rights of others. Lesavoy Foundation v. Commissioner of Internal Revenue, 238 F.2d 589 (CA 3, 1957).

In this instance the tax was imposed prospectively from the date of plaintiff's ruling, and was not imposed on sales made prior thereto. Consequently, plaintiff was not prejudiced by the shift of position from the prior Sylvania ruling.

The Court finds that the EL lamp manufactured and sold by plaintiff is a device designed for the diffusion of artificial light for illuminative or decorative purposes through the use of electricity within the meaning of Treasury Regulation 48.4131–2, and finds that it has not been shown that the said regulation is unreasonable and clearly inconsistent with the taxing statute, 26 U.S.C. § 4131. The Court therefore finds that the taxes here in suit were properly assessed and collected, and that defendant is entitled to a judgment in its favor dismissing plaintiff's complaint.

This Memorandum is adopted as Findings of Fact and Conclusions of Law in accordance with Rule 52, Federal Rules of Civil Procedure.